STATE OF MONTANA,
                    Plaintiff,                                   NO. DC 90-03
        vs.                                                      DECISION
Malcolm E. Mayes,
                    Defendant.

On March 15, 1994, based upon the Court's findings and conclusions entered November 22, 1993, the suspended sentence ordered by the Court on July 2, 1992, was revoked. For the offense of Incest, a Felony, Defendant was committed to the custody of the Department of Corrections for a period of twenty (20) years, less two years and 202 days. Defendant was given credit for 230 days that he served from his arrest on July 21, 1993. In addition, Defendant was given credit for as many days as he shall have served at the Gallatin County Detention Center after March 8, 1994, until his delivery into the custody of the Department of Corrections by the Gallatin County Sheriff. The Court recommended that Defendant be considered for placement in a pre-release center as soon as possible. Defendant was further ordered to complete all programs for the treatment of sex offenders before his release from any pre-release center and after his release, the Court requested that the Department of Corrections place conditions upon him as stated in the March 15, 1994, judgment.

On August 23, 1996, Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

Defendant was present and proceeded Pro Se. The State was represented by Marty Lambert, Chief Deputy Gallatin County Attorney.

Before hearing the application, Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. Defendant was further advised that there is no appeal from a decision of the Sentence Review Division. Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is excessive, but does find that the sentence is clearly inadequate for the reasons set forth below.

Upon such consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be modified to the effect that Defendant shall complete all phases of the Sex Offender Treatment Program at Montana State Prison before being eligible for parole.

The reasons for the modification are that Defendant is a predatory sex offender, is an obvious danger to society and needs the structured regimen of prison.

Done in open Court this 23rd day of August, 1996.

DATED this 23rd day of September, 1996.

                    **Chairman, Hon. Ted O. Lympus**
                    **Member, Hon. Jeffrey M. Sherlock**
                    **Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Malcolm E. Mayes for representing himself in this matter and also Marty Lambert, Chief Deputy Gallatin County Attorney, for representing the State.